IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 23-cv-02178-PAB
(Bankruptcy No. 21-14949-KHT, Chapter 7)

In re:

JOSE L. GARCIA-MORALES,

     Debtor.

_____

ROBERTSON B. COHEN, Chapter 7 Trustee,

     Appellant,

v.

JOSE L. GARCIA-MORALES,

     Appellee.

_____

**ORDER**
_____

     This is an appeal by the chapter 7 trustee Robertson B. Cohen (the "Trustee") from the August 14, 2023 order of the United States Bankruptcy Court for the District of Colorado (the "bankruptcy court") denying Trustee's Motion to Compel Turnover.  The Court has jurisdiction pursuant to 28 U.S.C. § 158(a).[1]

     The issue on appeal is the meaning of the term "attributed to" in the Colorado tax statute regarding exemptions for the refundable child tax credit.  *See* Colo. Rev. Stat. § 13-54-102(1)(o) (2021); *see also* Docket No. 7 at 4-5; Docket No. 8 at 5.

_____

[1] After reviewing the parties' submissions, the Court has determined that oral argument is not necessary to the resolution of this appeal.

I.     **BACKGROUND**

A. **<u>Bankruptcy Exemptions</u>**

Filing a petition for bankruptcy creates a bankruptcy estate.  *In re Borgman*, 698 F.3d 1255, 1257 (10th Cir. 2012) (citing 11 U.S.C. § 541(a)).  The bankruptcy estate includes all the "property" of the debtor as of the commencement of the case.  11 U.S.C. § 541(a)(1).  An "income tax refund attributable to the pre-petition portion of the taxable year in question constitutes property of the bankruptcy estate."  *In re Barowsky*, 946 F.2d 1516, 1519 (10th Cir. 1991); *see also Kokoszka v. Belford*, 417 U.S. 642, 648 (1974).  In a chapter 7 bankruptcy, a debtor's property is liquidated and the proceeds are distributed to creditors.  *In re Borgman*, 698 F.3d at 1257.  However, the debtor may exempt certain property from the estate.  *Id*. (citing 11 U.S.C. §§ 522(b)(2), (d)).  The Bankruptcy Code provides default rules defining exempt property, yet states may opt out of the default rules and create their own rules.  *Id*. (citing 11 U.S.C. § 522(b)(2)).

The State of Colorado has codified its own rules for exempt property.  *See* Colo. Rev. Stat. § 13-54-107.  As applies to this case, Colorado law provided that the "following property is exempt from levy and sale under writ of attachment or writ of execution: . . . [t]he full amount of any federal or state income tax refund attributed to an earned income tax credit or a child tax credit."  Colo. Rev. Stat. § 13-54-102(1)(o) (2021).[2]

---

[2] After the date of debtor's petition in this case, Colorado amended the exemption statute to exempt "[t]he full amount of any federal or state income tax refund attributed to an earned income tax credit or any child tax credit, *whether as a refundable tax credit or as a nonrefundable reduction in tax*."  Colo. Rev. Stat. § 13-54-102(1)(o) (2022) (emphasis added).  Colorado also added a tracing provision to the exemption statute:

B. <u>Factual Background and Procedural History</u>[3]

On September 28, 2021, Jose L. Garcia-Morales filed a chapter 7 voluntary petition for bankruptcy. Docket No. 6-1 at 2. Mr. Garcia-Morales' spouse did not file for bankruptcy. *See id*. at 89; *see also* Docket No. 7 at 6; Docket No. 8 at 5. On September 28, 2021, Trustee was appointed as the chapter 7 trustee. Docket No. 6-1 at 89. Mr. Garcia-Morales and the Trustee entered into a stipulation, agreeing that: (i) Mr. Garcia-Morales would file all income tax returns for the 2021 tax year with the Internal Revenue Service ("IRS") and the State of Colorado (the "State") by April 15, 2022; (ii) the IRS and the State would send Mr. Garcia-Morales' tax refunds checks directly to the Trustee; and (iii) the Trustee would refund "the exempt portion of the refund" to Mr. Garcia-Morales. *Id*. at 92-93. On January 13, 2022, the bankruptcy court approved the stipulation. *Id*. at 3.

---

To the extent that exempt assets are commingled with nonexempt assets, a first-in first-out accounting shall be used to determine the portion of the commingled assets to which the exemption applies. If exempt assets are commingled with nonexempt assets as part of a single transaction, any amounts withdrawn from an account for the purpose of such transaction shall be assessed on a pro rata basis. This subsection (6) applies to all provisions of the Colorado Revised Statutes concerning the exemption of assets from seizure, except for exemptions that require segregation.

Colo. Rev. Stat. § 13-54-102(6) (2022). Both parties agree, however, that the subsequent amendments do not apply to this case. Docket No. 7 at 10 & n.3, 21; Docket No. 8 at 17. Accordingly, the Court will apply the statute that was in effect at the time of debtor's petition. *See In re Est. of DeWitt*, 54 P.3d 849, 854 (Colo. 2002) ("Absent legislative intent to the contrary, a statute is presumed to operate prospectively, meaning it operates on transactions occurring after its effective date.").

[3] The following facts are taken from the bankruptcy court's record, including the stipulated facts that the parties submitted to the bankruptcy court. *See* Docket No. 6-1 at 89-91.

On February 21, 2022, Mr. Garcia-Morales and his spouse filed their 2021 state and federal income tax returns.  *Id*. at 89.[4]  They reported the following information in their federal tax return:

| Total Wages | $99,147 |
|---|---|
| Total Taxable Income | $74,047 |
| Total Tax Due | $8,485 |
| Total Federal Income Tax Withheld from W-2 | $8,140 |
| Refundable Child Tax Credit | $1,800 |
| Total Payments | $9,940 |
| **Total Federal Refund** | **$1,455** |

*Id*. at 90.  In the federal tax return, Mr. Garcia-Morales claimed an exemption for the full amount of his 2021 federal tax refund under Colo. Rev. Stat. § 13-52-102(1)(o).  *Id*. at 32.  Pursuant to the parties' stipulation, the total federal refund of $1,455 was paid directly to the Trustee.  *Id*. at 91.  Trustee holds the federal refund pending the outcome of this dispute.  *Id*.

On May 12, 2022, the Trustee filed a Motion to Compel Turnover (the "motion") because Mr. Garcia-Morales claimed that the entire amount of the federal refund was exempt under Colo. Rev. Stat. § 13-54-102(1)(o).  *Id*. at 62-64.  The Trustee asked the bankruptcy court to decide what portion of Mr. Garcia-Morales' refund was "attributed to" the refundable child tax credit and therefore exempt under Colo. Rev. Stat. § 13-54-102(1)(o).  *Id*. at 107.  The Trustee argued that a tax refund is "attributed to" exempt

---

[4] The state tax return is not at issue in this appeal.  *See* Docket No. 7 at 7 n.1.

4

payments, such as the refundable child tax credit, as well as non-exempt payments, such as wage withholdings. *Id*. at 112-113, 120. The Trustee asserted that the bankruptcy court should apply a pro-rata tracing method for determining what percentage of the tax refund is attributed to the child tax credit, and that under this method, the estate is permitted to keep $914.40 of the refund. *Id*. at 120. Mr. Garcia-Morales argued that the entire amount of the federal refund was exempt under Colo. Rev. Stat. § 13-54-102(1)(o) because, "[b]ut for" the refundable child tax credit of $1,800, Mr. Garcia-Morales and his spouse would not have received a federal refund and would have owed the IRS $345. *Id*. at 122-23. Mr. Garcia-Morales also maintained that exemption statutes must be "liberally construed" in favor of the debtor. *Id*. at 123. The parties filed stipulated facts in connection with the Trustee's motion. *Id*. at 89-91. On October 24, 2022, the bankruptcy court held a hearing on the motion. *Id*. at 6.

On August 14, 2023, the bankruptcy court issued an order denying Trustee's motion and holding that Mr. Garcia-Morales "is entitled to claim an exemption of the full amount of his $1,455 federal refund." *Id*. at 157-166.[5] The bankruptcy court explained that the dictionary definition of "attribute" is "to explain as caused or brought about by[;] [to] regard as occurring in consequence of or on account of." *Id*. at 162. The bankruptcy court therefore concluded that the phrase "attributed to" in Colorado's exemption statute should "be interpreted according to its ordinary meaning, requiring the simple and traditional standard of but-for causation." *Id*. at 163 (internal quotations omitted). The bankruptcy court found that the refundable child tax credit was a "but-for

---

[5] The bankruptcy court originally issued the order on August 11, 2023, but entered a corrected order on August 14, 2023. Docket No. 6-1 at 6-7.

cause" of Mr. Garcia-Morales' federal refund because removing the child tax credit of $1,800 would eliminate the federal refund. *Id*. The bankruptcy court recognized that events often have multiple but-for causes and that a tax refund might be caused by many factors, such as the amount of withholdings, income earned, tax credits, or deductions. *Id*. However, the bankruptcy court found that existence of multiple but-for causes "does not prevent the Court from finding the but-for causation requirement satisfied as to the refundable credit." *Id*. at 163-64 (citing *Bostock v. Clayton Cnty., Ga.*, 590 U.S. 644, 656 (2020)). The bankruptcy court rejected the Trustee's argument that the exemption should be apportioned by a percentage of tax liability because that argument ignored the plain meaning of the word "full" in the statute. *Id*. at 164. Although the language of the statute was unambiguous, the bankruptcy court noted that "exemptions must be liberally construed" under Colorado law. *Id*. In support of its position that the pro-rata method would not apply, the bankruptcy court also cited *In re Roy*, 2013 Bankr. LEXIS 5710, *8-16 (Bankr. D. Kan. Sep. 24, 2013), where the court denied the trustee's motion to compel turnover because the debtors' earned income credit was exempt under Kan. Stat. Ann. § 60-2315. Docket No. 6-1 at 161-62.

On August 25, 2023, the Trustee filed a notice of appeal from the bankruptcy court's order. Docket No. 1. The Trustee filed an opening brief on October 25, 2023. Docket No. 7. Mr. Garcia-Morales filed a response brief on November 18, 2023. Docket No. 8. The Trustee filed a reply brief on December 4, 2023. Docket No. 9. The Trustee raises one issue in this appeal:

> [w]hether the bankruptcy court erred when it denied the Trustee's motion to compel turnover of tax refund and determined that the debtor's $1,455 federal tax refund was solely "attributed to" a $1,800 refundable child tax credit and therefore 100% exempt pursuant to Colo. Rev. Stat. § 13-54-102(1)(o), rather

than "attributed to" debtor's tax withholdings and the child tax credit on a pro-rata basis.

Docket No. 7 at 4-5.

## II.    STANDARD OF REVIEW

A party may appeal the "final judgments, orders, and decrees" of a bankruptcy court to either the district court or a bankruptcy appellate panel.  28 U.S.C. §§ 158(a)(1), (c)(1).  A district court reviews the bankruptcy court's legal conclusions de novo, its factual findings for clear error, and its discretionary decisions for abuse of discretion.  *In re Baldwin*, 593 F.3d 1155, 1159 (10th Cir. 2010); *Busch v. Busch* (*In re Busch*), 294 B.R. 137, 140 (B.A.P. 10th Cir. 2003) (lifting of automatic stay); *Brasher v. Turner* (*In re Turner*), 266 B.R. 491, 494 (B.A.P. 10th Cir. 2001) (excluding an exhibit); *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997) (entering default judgment).  A court must "reach its own conclusions regarding state law legal issues, without deferring to the bankruptcy court's interpretation of state law." *In re Borgman*, 698 F.3d at 1259 (quoting *In re Wagers*, 514 F.3d 1021, 1024 (10th Cir. 2007)).  The Court finds, and both parties agree, that the bankruptcy court's interpretation of Colo. Rev. Stat. § 13-54-102(1)(o) is subject to de novo review because it involves a question of law.  *See* Docket No. 7 at 5; Docket No. 8 at 5.

## III.    ANALYSIS

The Trustee argues that the bankruptcy court erred as a matter of law in determining that the refund was "attributed to" the exempt federal child tax credit. Docket No. 7 at 9.  The Trustee acknowledges that the statute does not define the term "attributed to" and the Colorado Supreme Court has not interpreted the phrase.  *Id*. at

10.  However, the Trustee argues that the refund is "attributed to" the "exempt amount and non-exempt amount on a pro-rata basis."  *Id*. at 8.

The Trustee contends that, in *In re Borgman*, the Tenth Circuit interpreted the phrase "attributed to" in Colorado's exemption statute and determined that a tax refund is "attributed to" all payments that generate the refund, including wage withholdings, earned income tax credits, and refundable child tax credits.  *Id*. at 8-9, 11-12.  The Trustee argues that the bankruptcy court's interpretation of the phrase "attributed to," relying "primarily on a dictionary definition," is not consistent with *In re Borgman* or the plain language of the statute.  *Id*. at 19.  The Trustee asserts that the plain language of the statute requires a quantitative calculation because the phrase "attributed to" modifies the phrase "full amount," suggesting that the Court must determine the "portion of a refund" attributed to the child tax credit.  *Id*. at 20.  Furthermore, the Trustee contends that a "liberal construction" of the exemption statute cannot re-write the statute.  *Id*. at 16, 18.[6]

The Trustee argues that, in circumstances where it is impossible to differentiate the source of funds due to comingling, courts should apply equitable tracing principles.  *Id*. at 13.  The Trustee asserts that the Court should apply the pro-rata approach, which "requires the determination of the exempt funds to the account total when the deposit is made" and applies that percentage "to the disputed funds."  *Id*. at 14 (citation omitted).  The Trustee contends that several other bankruptcy courts outside this District have applied a pro-rata method for allocating the payment of tax debt from exempt and

---

[6] Moreover, the Trustee argues that the bankruptcy court erred in comparing this case to *In re Roy* because Kansas' exemption statute does not contain the "attributed to" limitation.  Docket No. 7 at 17.

8

nonexempt sources.  *Id*. at 16 (citing *In re Plantz*, 2010 WL 4736234, at *2 (Bankr. D. Or. Nov. 16, 2010); *In re Ross*, 2012 WL 3817792, at *3 (Bankr. S.D. Ind. Sept. 4, 2012)).  Applying the pro-rata method, the Trustee argues that the estate is entitled to $914.40.  *Id*. at 23.

Finally, the Trustee argues that the Colorado General Assembly amended Colo. Rev. Stat. § 13-54-102 twice since *In re Borgman*, which inferentially supports Trustee's argument.  *Id*. at 21.  The Trustee contends that the General Assembly amended the exemption statute in 2015, but did not alter the tax refund exemption.  *Id*.  Trustee argues that, "[w]hen a statute is amended, judicial construction previously placed upon [the] statute is deemed approved by the General Assembly to the extent that the provision remains unchanged."  *Id*. (quoting *City of Lamar v. Koehn*, 968 P.2d 164, 167 (Colo. App. 1998)).  Additionally, the Trustee contends that the General Assembly amended the statute in 2022 to provide that, for cases filed after April 7, 2022, a "pro-rata" method applies "[i]f exempt assets are commingled with nonexempt assets as part of a single transaction."  *Id*. (quoting Colo. Rev. Stat. § 13-54-102(6)).  Moreover, the Trustee argues that the 2022 amendments related to section 13-54-102(1)(o) retain the same language of "attributed to" as the mechanism for connecting the child tax credit to the amount of the refund.  *Id*. at 22.

Mr. Garcia-Morales responds that the Court should affirm the bankruptcy court's order because Colorado's exemption statute provides clear guidance for determining how much of an income tax refund is attributed to a child tax credit.  Docket No. 8 at 11. The statute provides that the "full amount" of a refund "attributed to" the tax credit is exempt.  *Id*.  Mr. Garcia-Morales contends that the bankruptcy court correctly

determined that a but-for causation test applies because the ordinary meaning of the phrase "attributed to" means "caused by."  *Id*. at 8.  He argues that the but-for causation test "requires a calculation of the amount of the refund with the credit and without the credit.  The difference is the exempt amount."  *Id*. at 6.  Mr. Garcia-Morales asserts that he is entitled to the full amount of the refund because, but for his $1,800 child tax credit, "there would be no refund."  *Id*. at 8.  In response to the Trustee's argument that the bankruptcy court re-wrote the statute, Mr. Garcia-Morales argues that the court implemented the plain meaning of the statute, supported by a dictionary definition.  *Id*. at 16.  Mr. Garcia-Morales contends that the bankruptcy court merely cited the "liberal construction" principle as an additional policy consideration supporting the statutory interpretation.  *Id*. at 17.

Furthermore, Mr. Garcia-Morales argues that *In re Borgman* does not mandate use of the pro-rata tracing method for determining how much of an income tax refund is exempt.  *Id*. at 6, 12.  Mr. Garcia-Morales asserts that, in that decision, the Tenth Circuit held that the non-refundable portion of a child tax credit, the Subpart A credit, is not a "refund."  *Id*. at 12.  Mr. Garcia-Morales recognizes that the Tenth Circuit briefly discussed the statutory phrase "attributed to," but argues that discussion was irrelevant to the holding of the case.  *Id*. at 12, 14.  Moreover, Mr. Garcia-Morales asserts that the Tenth Circuit did not calculate percentages or adopt the pro-rata method, but rather seems to have utilized a "hybrid" but-for causation test.  *Id*. at 14-15.

"When the federal courts are called upon to interpret state law, the federal court must look to the rulings of the highest state court, and, if no such rulings exist, must endeavor to predict how that high court would rule."  *Johnson v. Riddle*, 305 F.3d 1107,

1118 (10th Cir. 2002); *see also Belcher v. Turner*, 579 F.2d 73, 74 (10th Cir. 1978) ("The scope and application of [state bankruptcy] exemptions are defined by the state courts and we are bound by their interpretations"). The Colorado Supreme Court has not interpreted the meaning of the phrase "attributed to" in Colo. Rev. Stat. § 13-54-102(1)(o). The statute does not define the term "attributed to." Accordingly, the Court must construe the meaning of the term "attributed to" in section 13-54-102(1)(o) to predict how the Colorado Supreme Court would rule on that issue.

When construing a statute under Colorado law, "courts ascertain and give effect to the intent of the Colorado General Assembly and refrain from rendering judgments inconsistent with that intent." *Kouzmanoff v. Unum Life Ins. Co. of Am.*, 374 F. Supp. 3d 1076, 1087 (D. Colo. 2019) (citing *Walker v. People*, 932 P.2d 303, 309 (Colo. 1997); *Farmers Ins. Exch. v. Bill Boom, Inc.*, 961 P.2d 465, 469 (Colo. 1998)). "To determine legislative intent, courts look first to the statute's plain language." *Id.* (citing *Vaughan v. McMinn*, 945 P.2d 404, 408 (Colo. 1997); *City of Westminster v. Dogan Constr. Co.*, 930 P.2d 585, 590 (Colo. 1997)). "If courts can give effect to the ordinary meaning of words used by the legislature, the statute should be construed as written, giving full effect to the words chosen, as it is presumed that the General Assembly meant what said." *Id.* (citing *Askew v. Indus. Claim Appeals Off.*, 927 P.2d 1333, 1337 (Colo. 1996); *PDM Molding, Inc. v. Stanberg*, 898 P.2d 542, 545 (Colo. 1995); Colo. Rev. Stat. § 2-4-101; *see also Cowen v. People*, 431 P.3d 215, 218 (Colo. 2018) ("In the absence of a definition, we construe a statutory term in accordance with its ordinary or natural meaning." (citation and internal alterations omitted)). "If the statutory language is clear and unambiguous, courts need not look further." *Kouzmanoff*, 374 F. Supp. 3d at 1087

(citing *Town of Superior v. Midcities Co.*, 933 P.2d 596, 600 (Colo. 1997); *Boulder Cnty. Bd. of Equalization v. M.D.C. Constr. Co.*, 830 P.2d 975, 980 (Colo. 1992)).  When determining the plain and ordinary meaning of words, a court may "consider a definition in a recognized dictionary."  *Cowen*, 431 P.3d at 218.  In applying the plain meaning of statutory language, a court must "give consistent effect to all parts of the statute, and construe each provision in harmony with the overall statutory design."  *Id.* (citation and internal alterations omitted).

"However, where the words chosen by the legislature are unclear in their common understanding, or capable of two or more constructions leading to different results, the statute is ambiguous."  *Kouzmanoff*, 374 F. Supp. 3d at 1087 (citing *Colby v. Progressive Cas. Ins. Co.*, 928 P.2d 1298, 1302 (Colo. 1996)); *see also Abercrombie v. Aetna Health, Inc.*, 176 F. Supp. 3d 1202, 1207 (D. Colo. 2016), *aff'd*, 704 F. App'x 728 (10th Cir. 2017) (unpublished).  If a statute is "ambiguous," courts may consider, among other matters, "(a) the object sought to be attained; (b) the circumstances under which the statute was enacted; (c) the legislative history, if any; (d) the common law or former statutory provisions, including laws upon the same or similar subjects; (e) the consequences of a particular construction; (f) the administrative construction of the statute; and (g) the legislative declaration or purpose."  *Kouzmanoff*, 374 F. Supp. 3d at 1087 (citing Colo. Rev. Stat. § 2-4-203); *see also Abercrombie*, 176 F. Supp. 3d at 1207.  Nevertheless, a court may only "resort to extrinsic aids of construction" if "the statutory language is susceptible to more than one reasonable interpretation and is therefore ambiguous."  *Cowen*, 431 P.3d at 218.

On the date of Mr. Garcia-Morales' bankruptcy petition, Colorado law provided that "[t]he full amount of any federal or state income tax refund attributed to . . . a child tax credit" is exempt.  Colo. Rev. Stat. § 13-54-102(1)(o) (2021).  Dictionaries define the verb "attribute" as "to say that (something) is because of (someone or something)," *Attribute To, Britannica*, https://www.britannica.com/dictionary/attribute (last visited Sept. 3, 2024); "to explain (something) by indicating a cause," *Attribute*, *Merriam-Webster*, https://www.merriam-webster.com/dictionary/attribute (last visited Sept. 3, 2024); to "consider as caused by something indicated," *Attribute, Dictionary.com*, https://www.dictionary.com/browse/attribute (last visited Sept. 3, 2024); or "[t]o ascribe, impute, or refer, as an effect to the cause; to reckon as a consequence of."  *Attribute, Oxford English Dictionary,* https://www.oed.com/dictionary/attribute_v (last visited Sept. 3, 2024).  The Court therefore finds that the plain meaning of the statute exempts the full amount of any federal tax refund *caused by* the child tax credit.

Under Colorado law, the "test for causation" is typically the but-for test.  *See Rocky Mountain Planned Parenthood, Inc. v. Wagner*, 467 P.3d 287, 292 (Colo. 2020) (quoting *N. Colo. Med. Ctr., Inc. v. Comm. on Anticompetitive Conduct*, 914 P.2d 902, 908 (Colo. 1996)) (applying but-for causation test to negligence claims); *see also Dos Almas LLC v. Indus. Claim Appeals Off.*, 434 P.3d 777, 781 (Colo. App. 2018) (noting that the "statutory phrase 'because of' required only a showing of 'but for' causation").  The United States Supreme Court has also found that "the ordinary meaning of 'because of' is 'by reason of' or 'on account of,' [which] incorporates the 'simple' and 'traditional' standard of but-for causation."  *Bostock*, 590 U.S. at 656 (citations omitted); *see also Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 332

(2020) ("This ancient and simple 'but for' common law causation test, we have held, supplies the 'default' or 'background' rule against which Congress is normally presumed to have legislated when creating its own new causes of action."). But-for causation "is established whenever a particular outcome would not have happened 'but for' the purported cause." *Bostock*, 590 U.S. at 656; *see also Wagner*, 467 P.3d at 292 (noting that but-for causation is satisfied if the action "produce[s] the result complained of, and without which the result would not have occurred"). "In other words, a but-for test directs us to change one thing at a time and see if the outcome changes. If it does, we have found a but-for cause." *Bostock*, 590 U.S. at 656.

Here, Mr. Garcia-Morales' total federal refund was $1,455. Docket No. 6-1 at 90. Mr. Garcia-Morales claimed a refundable child tax credit of $1,800. *Id*. Removing the refundable child tax credit would eliminate Mr. Garcia-Morales' federal refund. *See id*. The refundable child tax credit is thus a "but-for" cause of the federal refund. *See Bostock*, 590 U.S. at 656. Because the full amount of Mr. Garcia-Morales' federal refund is "attributed to" the "child tax credit," his refund is therefore exempt under section 13-54-102(1)(o). Accordingly, the Court finds that the bankruptcy court correctly determined that Mr. Garcia-Morales is entitled to claim an exemption of the full amount of his $1,455 federal refund. *See* Docket No. 6-1 at 165.

The Court rejects the Trustee's argument that the plain language of the statute requires a quantitative calculation determining what percentage or "portion of a refund" is attributed specifically to the child tax credit. *See* Docket No. 7 at 20. The statute does not say that Colorado law exempts the "portion of" or "percentage of" a federal tax refund attributed to a child tax credit. Rather, the statute provides that "[t]he *full amount*

of any federal or state income tax refund attributed to . . . a child tax credit" is exempt. Colo. Rev. Stat. § 13-54-102(1)(o) (2021) (emphasis added). "Where the legislature could have chosen to restrict the application of a statute, but chose not to, we do not read additional restrictions into the statute." *McDonnell v. The Colo. Real Est. Comm'n*, 361 P.3d 1138, 1146 (Colo. App. 2015) (quoting *Springer v. City & Cnty. of Denver*, 13 P.3d 794, 804 (Colo. 2000)).

Moreover, the Court finds that *In re Borgman* does not alter the statutory interpretation analysis. In that case, the Tenth Circuit addressed whether a "nonrefundable" child tax credit was exempt from a debtor's estate under Colo. Rev. Stat. § 13-54-102(1)(o). *In re Borgman*, 698 F.3d at 1257. The Tenth Circuit explained that "a prerequisite for a refund is a *payment* of some form in the first instance." *Id*. at 1260. The Tenth Circuit noted that "payments" include federal withholding from wages, the earned income tax credit, and the refundable child tax credit. *Id*. at 1261. However, the Tenth Circuit found that the nonrefundable child tax credit is not treated as a "payment" under the Internal Revenue Code because it is a "reduction in tax liability," and therefore, the nonrefundable child tax credit "is outside the scope of § 13-54-102(1)(o), which exempts only 'refunds.'" *Id*. In other words, because the nonrefundable child tax credit could never give rise to a "refund," the Tenth Circuit found that the nonrefundable child tax credit is not included in the "full amount of [a] federal . . . income tax refund attributed to . . . a child tax credit." *Id*. at 1262. This appeal is distinguishable from *In re Borgman* because Mr. Garcia-Morales claimed the refundable child tax credit, not the nonrefundable child tax credit. *See* Docket No. 6-1 at 90. The parties in *In re Borgman* did not dispute that the refundable child tax credit "creates a

refund that is exempt from the bankruptcy estate under § 13-54-102(1)(o)."  *In re Borgman*, 698 F.3d at 1259 n.4.

The Trustee is correct that the Tenth Circuit briefly discussed how a taxpayer's refund is "attributed to" many variables, including the "amount of income earned, the amount of deductions claimed, the amount of credits available, and the amount of taxes already paid in withholding."  *Id*. at 1261.  Nevertheless, the existence of multiple factors contributing to an income tax refund does not alter the Court's but-for causation analysis.  "Often, events have multiple but-for causes."  *Bostock*, 590 U.S. at 656.  As long as the factor was "one but-for cause of" the event, "that is enough to trigger the law."  *Id*.  The statute provides that the "full amount" of a federal income tax refund "attributed to" a child tax credit is exempt.  Colo. Rev. Stat. § 13-54-102(1)(o) (2021).  The Colorado legislature could have chosen alternative words to impose a causation standard different from but-for causation.  *See Bostock*, 590 U.S. at 656 (noting that Congress "could have added 'solely' to indicate that actions taken 'because of' the confluence of multiple factors do not violate the law" or "could have written 'primarily because of' to indicate that the prohibited factor had to be the main cause"); *Dos Almas LLC*, 434 P.3d at 780 (recognizing that "the statutory phrase 'because of' required only a showing of 'but for' causation, without any requirement to show a 'sole' cause").  The Court will not "read a limitation into the provisions" of section 13-54-102(1)(o) that "is not supported by the statutory language used."  *See Dos Almas LLC*, 434 P.3d at 780-81.

Accordingly, the Court finds that the Tenth Circuit's decision in *In re Borgman* does not compel a different result in this case.[7]

Because the Court has interpreted the plain meaning of Colorado's statutory language, the Court does "not invoke the aid of other interpretative rules." *See Cowen*, 431 P.3d at 219. The Court therefore declines to address the Trustee's arguments related to extrinsic aids of construction, such as the legislative history of Colo. Rev. Stat. § 13-54-102(1)(o) or other bankruptcy court opinions applying the pro-rata method under other states' exemption statutes. *See* Docket No. 7 at 16, 21-22. The Court affirms the bankruptcy court's ruling that Mr. Garcia-Morales is entitled to claim an exemption of the full amount of his $1,455 federal refund. *See* Docket No. 6-1 at 165.

## IV.   CONCLUSION

It is therefore

**ORDERED** that the Order Denying Trustee's Motion to Compel Turnover is **AFFIRMED**. It is further

---

[7] Moreover, the Court notes that the Colorado General Assembly has seemingly expressed disagreement with *In re Borgman*. "When a statute is amended, the judicial construction previously placed upon the statute is deemed approved by the General Assembly *to the extent that provision remains unchanged*." *Specialty Restaurants Corp. v. Nelson*, 231 P.3d 393, 403 (Colo. 2010) (emphasis added). In 2022, the Colorado General Assembly amended the exemption statute to exempt "[t]he full amount of any federal or state income tax refund attributed to an earned income tax credit or any child tax credit, *whether as a refundable tax credit or as a nonrefundable reduction in tax*." Colo. Rev. Stat. § 13-54-102(1)(o) (2022) (emphasis added). This amendment contradicts the Tenth Circuit's holding in *In re Borgman* that a nonrefundable tax credit is not exempt from a debtor's estate under section 13-54-102(1)(o). *See In re Borgman*, 698 F.3d at 1262.

**ORDERED** that this case is closed.

DATED September 3, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge